**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| Lawlor & Associates, Inc., | ) | CASE NO. 1:05 CV 1102 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Hamilton Beach/Proctor-Silex, Inc. , | ) | <u>Memorandum of Opinion and Order</u> |
| | ) | |
| Defendant. | ) | |

**<u>Introduction</u>**

This matter is before the Court upon plaintiff's Motion to Remand.  For the following

reasons, the motion is DENIED.

**<u>Facts</u>**

Plaintiff, Lawlor & Associates, Inc., filed its Complaint on March 30, 2005 against

defendant, Hamilton Beach/Proctor-Silex, Inc., in the Medina County Court of Common Pleas

setting forth two claims.

Count One alleges fraud and asserts the following.  Plaintiff, an Ohio corporation,

entered into a Manufacturer's Sales Representative Agreement (the Agreement) on January 1,

1

2004 with defendant, a corporation with its principal place of business in Virginia.  Shortly thereafter, defendant began demanding that plaintiff expend considerable resources to obtain placement for defendant's products knowing that plaintiff would not realize commissions on these placements for many months and knowing that it intended to terminate the Agreement before plaintiff could make the commissions. On September 1, 2004, defendant sent plaintiff a letter notifying it of its intent to terminate the Agreement, effective November 1, 2004.  As a result of the fraud, plaintiff has been damaged in an amount equal to at least eight months worth of commissions, commencing November 1, 2004 and estimated to be $50,000.00. Plaintiff also seeks punitive damages and attorney's fees because of defendant's intentional conduct.  Alternatively, plaintiff seeks an order that defendant is estopped from terminating the Agreement and that it "remains in effect at least as to payment of commissions to [plaintiff] on all sales generated by the product placements effected by [plaintiff] until such sales cease."

Count Two alleges breach of contract and asserts that plaintiff obtained for defendant a customer known as Oakwood.  Plaintiff suffered $10,000.00 when defendant arranged to sell to Oakwood through a wholesaler in contravention of the Agreement.

Defendant thereafter filed a Notice of Removal to this Court on the basis of diversity of citizenship.  The Notice of Removal asserts the following.  The amount in controversy requirement is satisfied based on plaintiff's alternative request for relief that the Agreement remains in effect as to payment of commissions to plaintiff on all sales generated by the product placements effected by plaintiff until such sales cease.  Because plaintiff failed to identify the projected amount of commissions, the declaration of Allen Hollingshead is

2

submitted to show that plaintiff would have earned about $66,169.00 in commissions from

November 2004 through December 2005, which, combined with the $10,000.00 sought in

Count Two, exceeds $75,000.00 exclusive of interest and costs.  The amount in controversy is

further satisfied because plaintiff sought punitive damages which recovery would more likely

than not exceed the jurisdictional amount when added to the $60,000.00 of compensatory

damages actually sought.

Finally, defendant appends the declaration of its attorney Matthew Fitzsimmons to the

Notice of Removal wherein he avers that after the Complaint was filed, he telephoned

plaintiff's counsel to discuss whether he would stipulate that plaintiff would not seek in

excess of $75,000.00, exclusive of interest and costs, in the action.  Plaintiff's counsel

declined to do so.

After removing the case, defendant filed a Motion for More Definite Statement

arguing, in part, that plaintiff failed to plead fraud with particularity.  Plaintiff responded by

filing its First Amended Complaint, omitting the claim for fraud and thereby removing its

request for punitive damages and attorney's fees.  The First Amended Complaint sought

damages in the amount of $70,000.00.  Shortly thereafter, plaintiff filed the Motion to

Remand, pending before this Court.

**Standard of Review**

Under 28 U.S.C. § 1447(c), cases originally filed in a state court must be remanded if,

at any time before trial, it appears that the federal district court to which they were removed

lacks subject matter jurisdiction.  *Coyne v. The American Tobacco Co.,* 183 F.3d 488, 493

(6th Cir. 1999) ("[I]n a removed action, upon determination that a federal court lacks

3

jurisdiction, remand to state court is mandatory.").  Because the determination of federal jurisdiction in a diversity case is made as of the time of removal, *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451,453 (6th Cir. 1996), a court's ruling on a motion to remand will rest on whether the case was properly removed to federal court in the first place.  *Rogers v. Wal-Mart Stores, Inc*., 230 F.3d 868, 871-72 (6th Cir. 2000) (citing *Ahearn*, 100 F.3d at 453).  The party seeking removal bears the burden of showing that proper subject matter jurisdiction exists.  *Id*.

**<u>Discussion</u>**

Plaintiff asserts that with the filing of the Motion for More Definite Statement, it further investigated its fraud claim and determined that defendant's conduct could not "be classified as fraudulent."  (Doc. 11 at 2).  Accordingly, plaintiff amended its Complaint, seeking damages in the amount of $70,000.00.  Plaintiff argues that subject matter jurisdiction no longer exists because the amount in controversy is not satisfied with the filing of the First Amended Complaint. Defendant argues that because jurisdiction is determined at the time of removal, plaintiff's First Amended Complaint is irrelevant to this Court's jurisdictional analysis.  For the following reasons, the Court agrees with defendant.

In *Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868 (6th Cir. 2000), the plaintiff filed a negligence action in state court seeking approximately $950,000.00 in damages.  Defendant removed to federal court on the basis of diversity.  The parties subsequently stipulated to dismissal.  Plaintiff then filed a new complaint in state court, arising out of the same occurrence but seeking damages not to exceed $75,000.00.  Defendant removed again based on answers to interrogatories in the first case in which plaintiff estimated her damages at

4

$447,000.00.  Plaintiff filed a motion to remand, submitting an affidavit that she had no intention of seeking additional damages from defendant. Plaintiff also attached a stipulation admitting that her total damages did not exceed $75,000.00 and stating that she would not seek leave to amend her complaint for additional damages.  The Sixth Circuit affirmed the district court's order denying the motion to remand and held:

> We conclude that post-removal stipulations do not create an exception to the rule articulated in [*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938). ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.")] Because jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction. Therefore, consistent with *St. Paul* and previous unpublished Sixth Circuit opinions, we hold that a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court. This rule is grounded not only in precedent, but also in sound policy. If plaintiffs were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look unfavorable. Moreover, the interests of simplicity and uniformity dictate that post-removal stipulations be treated just like any other post-removal event.

*Id.* at 872.   In so deciding, the *Rogers* court abrogated the prior decision of *Goodman v. Wal-Mart Stores, Inc.,* 981 F.Supp. 1083 (M.D.Tenn. 1997), wherein the district court held that remand is properly granted where a plaintiff, who sought $250,000.00 in damages prior to removal, amends his complaint after removal to reduce his damages sought to $74,000.00.

Having decided that plaintiff's post-removal amendment does not deprive this court of subject matter jurisdiction, this Court now turns to whether the Complaint was properly removed in the first instance.[1]

---

[1]  Defendant asserts elsewhere in its brief that plaintiff's Motion to Remand is untimely as having been filed about two months after the Notice of Removal. Defendants' assertion is erroneous.  The removal statute provides in part:

> A motion to remand the case *on the basis of any defect other than lack of*

5

A defendant seeking removal on the basis of diversity jurisdiction has the burden of proving the amount in controversy by a preponderance of evidence (i.e., "more likely than not") where the plaintiff seeks to recover some unspecified amount that is not self-evidently greater or less than the federal amount in controversy requirement. *Gafford v. General Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993).

Count One of plaintiff's Complaint alleges fraud and seeks $50,000.00 in damages which plaintiff alleges constitutes commissions for eight months (from November 1, 2004). Count One also seeks punitive damages.  Paragraph Ten of Count One states, "In the alternative, [plaintiff] seeks an Order declaring that [defendant] is estopped from terminating the Agreement, and that the Agreement remains in effect at least as to payment of commissions to [plaintiff] on all sales generated by the product placements effected by [plaintiff] until such sales cease."  Plaintiff did not specify any damages amount as to this alternative request.  Accordingly, with its Notice of Removal, defendant submitted the declaration of Allen Hollingshead who attests that defendant "projects" that plaintiff would be entitled to $66,169.00 in commissions from November 2004 through December 2005. Hollingshead attests:

> [Defendant] reached these figures by applying a 1.057% growth rate to its gross sales in [plaintiff's] territory, *see* Exhibit B, and an average commission rate of 2.96%, *see*

---

> *subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.
>
> 28 U.S.C. § 1447(c)(emphasis added).  Plaintiffs' motion is based on lack of subject matter jurisdiction.

> Exhibit C.  The 1.057% growth rate is based on the percentage growth from 2003 to 2004 for the relevant product placements in [plaintiff's] territory.  *See* Exhibit B.  The average commission rate is based on the commissions earned by [plaintiff] in 2004 under the terms of the Agreement.  *See* Exhibit C.

(Hollingshead decl. ¶ 8).  When combined with the $10,000.00 sought in Count Two, defendant calculated that the amount in controversy would thus exceed the jurisdictional amount.

The Court need not decide whether defendant's supposition as to this alternative ground for relief warrants a finding that the amount in controversy would more likely than not be satisfied.  Rather, as discussed below, plaintiff's request for an unspecified amount of punitive damages is sufficient.

This circuit has held that punitive damages must be considered when determining the jurisdictional amount in controversy.  *Hayes v. Equitable Energy Serv., Inc.,* 266 F.3d 560 (6th Cir. 2001) ("When determining whether jurisdictional amount in controversy requirement in diversity cases is satisfied, punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered.")

Plaintiff did not specify an amount of punitive damages.  If plaintiff were to prevail on its fraud claim, it would likely be entitled to some measure of punitive damages as Virginia law[2] permits recovery of such in a fraud action.  *Xspedius Management Co. of Va., LLC v. Stephan,* 611 S.E.2d 385 (2005).  Plaintiff's Complaint seeks a total of $60,000.00 in compensatory damages.  Defendant asserts that it would be more likely than not that a jury would award punitive damages in an amount in excess of 25%, or $15,000.00, of the actual

---

[2]  The Agreement has a Virginia choice of law provision.

7

damages- thereby meeting the jurisdictional minimum.  This Court agrees.

Where state law at least arguably permits the type of damages claimed, the amount in controversy requirement is met even if it is unlikely that the plaintiff can recover an amount exceeding the jurisdictional requirement.  *Kovacs v. Chesley,* 406 F.3d 393 (6th Cir. 2005). Thus, where state law permits punitive damages, the amount in controversy is satisfied where it is  possible that a plaintiff could recover such.  *Id.*

Virginia law permits punitive damages in fraud actions and the Supreme Court has recognized that an award of four times the amount of compensatory damages is constitutionally permissible. *State Farm Mut. Auto Ins. Co. v. Campbell,* 538 U.S. 408, 425 (2003).  Accordingly, it is more likely than not that a punitive damages award of at least 25% of the amount of compensatory damages would be awarded.  Therefore, the amount in controversy requirement has been met.

**Conclusion**

For the foregoing reasons, plaintiff's Motion to Remand is denied.

IT IS SO ORDERED.


  /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 8/9/05

8